24 C.C.P.A.(Patents)

## In re PADGETT.

### Patent Appeal No. 3718.

Court of Customs and Patent Appeals.

Dec. 21, 1936.

Strauch & Hoffman, of Washington, D. C. (James A. Hoffman, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of an Examiner denying patentability, in view of prior art, of claims 29–35, inclusive, of an application for patent for universal joint.

Claim 31 is illustrative: "31. In a universal joint, the combination of a plurality of relatively movable members including a member having a pair of substantially aligned openings therein and a second member having a pair of trunnions extending outwardly into said openings, bearing cups disposed in said openings around said trunnions and closing said openings outwardly of the trunnions therein, abutment means on said second member just inwardly of each trunnion, a shell containing a packing surrounding each trunnion and positioned by said abutment means, each shell providing a groove surrounding the trunnion and opening toward the adjacent bearing cup, said cups having end portions projecting inwardly from the openings in which said cups are disposed and extending into said grooves into contact with said packings, thrust elements between said cups and the ends of said trunnions, and retaining means in said openings providing abutments located outwardly of said cups and contacting the cups to retain the same in said openings to position said thrust elements and to maintain the inwardly projecting end portions of the cups against the packings in said grooves and within said shells."

The references are: McCoy, 824,194, June 26, 1906; Swenson, 1,380,270, May 31, 1921; Anderson, 1,450,706, April 3, 1923; Smith, 1,594,476, August 3, 1926; Cutting, 1,693,593, December 4, 1928.

The Examiner rejected claims 29, 30, 31, 33, 34, and 35 upon Cutting, and claim 32 upon Cutting in view of McCoy. The Board made reference to both Cutting and McCoy, and added the other references, stating that they had been used as references against claims such as 29, 34, and 35 when those claims were proposed in certain interference proceedings where they were denied for want of patentability. The Board's rejection, like that of the Examiner, was based principally upon Cutting, the other references being cited as to certain designated features.

In his brief before us, appellant has included charts, in one of which he shows the elements of his own claims separated, and also the elements of the Cutting patent similarly separated.

The elements as listed in the chart of appellant's device, in their order from the top thereof, are: (a) Retaining means or snap ring; (b) bearing cup; (c) thrust elements or ball; (d) bearing means centering trunnion in cup; and (e) member having a pair of alined openings, which member contains (1) groove for reception of snap ring; (2) annular packing; (3) shell forming groove surrounding trunnion; (4) trunnion; (5) abutment means inwardly of trunnion; and (6) member having a pair of trunnions.

Elements corresponding roughly, but in some instances different in type, to most of the elements listed by appellant are found in the chart of the Cutting patent, the arrangement of certain of them, however, being in a different order from appellant's arrangement. In addition, Cutting shows some elements, or parts thereof, not shown by appellant.

McCoy seems to have been cited solely with reference to appellant's thrust ball.

The Smith patent seems to have been cited to show the use of split spring rings to hold caps in place.

The Anderson patent apparently was cited as showing a universal joint having trunnion-connector bearing units with packing interposed therebetween.

Swenson shows a universal joint not unlike that of Anderson. It discloses bearing bushings which have a press-fit with the cap sockets, the cap being held in operative position by a lock nut. It shows the use of packing and the relation in which such packing is placed.

Appellant has pointed out certain limitations in his claims which, it is argued, are neither met by Cutting alone, nor by

756

Cutting in view of any of the other references.

The gist of these limitations is contained in that portion of claim 31, supra, reading: " * * * retaining means in said openings providing abutments located outwardly of said cups and contacting the cups to retain the same in said openings to position said thrust elements and to maintain the inwardly projecting end portions of the cups against the packings in said grooves and within said shells."

Of the foregoing, appellant's brief says:

"It will be observed that a triple function is thus attributed in this claim to the retaining means, namely, the retention of the cups in the openings, the positioning of the thrust bearing, and the maintenance of the inwardly projecting end portions of the cups against the packings in said grooves and within the shells.

"While it is true that the Cutting patent includes the thrust element, broadly, it is not a fact that said patent includes any retaining means located outwardly of the cups and contacting with the cups that is effective to accomplish the three results just referred to."

So, it is practically conceded that Cutting does disclose a thrust element. This element seems to us to perform the same function as appellant's thrust ball. Cutting shows it in the form of a steel washer, but McCoy shows a ball, and we think there was no error in the holding to the effect that there would be no invention in substituting McCoy's thrust means for the thrust means of Cutting.

Respecting the contention that Cutting does not show any retaining means located outwardly of the cups, and contacting with the cups, that is effective to accomplish the three results accomplished by the combination of the elements mentioned in the excerpt quoted from claim 31, supra, it may be said that, even conceding Cutting does not show means which would effect these results in the manner which appellant's device effects them, Smith does disclose a split ring as a retaining means and both Anderson and Swenson disclose structural features which seemingly perform functions quite similar to the functions of appellant's corresponding features.

The limitations pointed out in the brief as residing in other of the claims, and urged as material, do not impress us as amounting to more than statements, in different language, of the elements appearing in claim 31, already commented upon. It is insisted that neither Anderson nor Swenson suggests the securing of a bearing cup in the member having substantially alined openings (or the yoke members as Cutting calls them) by any means providing abutments located outwardly of the opening. Conceding this to be true, it is not felt that invention was involved in modifying the features and arrangement which are shown by the prior art to produce appellant's combination.

All the claims before us are related to structure; not method. We have to measure structure by structure, so far as the appealed claims are concerned. Appellant may be entitled to method claims, for which, the record shows, he has another application pending, but here we must consider structure only. To produce appellant's device, he, necessarily, had to modify some of the structural features of the prior art devices, but we are not convinced that such modification and the combination in slightly different arrangement of the elements so modified, in the manner expressed in the appealed claims, required use of more than mechanical skill.

The decision of the Board of Appeals is affirmed.

Affirmed.